IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DERWIN COBB                                                                                                     PLAINTIFF

V.                                                          CIVIL ACTION NO. 2:10CV213-M-V

NISSAN NORTH AMERICA, INC.                                       DEFENDANT

**AGREED PROTECTIVE ORDER**

CAME BEFORE this Court on the Motion *ore tenus* of the plaintiff Derwin Cobb, for the entry of a Protective Order to govern the production of certain materials possessed by a non-party, ESIS, Inc., related to the worker's compensation claims files of various current and/or former employees of the defendant, Nissan North America, Inc., and the Court, finding that the parties are in agreement that ESIS, Inc., may possess personal, proprietary and other confidential documents that may be subject to discovery in the proceedings in this matter but which should not be made available to the public generally, hereby orders and adjudges that:

1.     ESIS, Inc., shall produce the worker's compensation files requested in the subpoena for documents served upon it by the plaintiff [attached as Exhibit 1 to Document No. 42, Amended Objections to Plaintiff's Subpoena to Produce Documents], to the extent that such documents exist and can be located, after removing from those files any medical records generated by the non-party claimant's medical providers.

2.     ESIS, Inc., may designate these discovery materials as protected information governed by the terms of this Agreed Order by marking it, clearly and conspicuously, as "confidential" or by using some similar designation or marking, or by designating and providing notice, with sufficient detail, explanation and description in writing (by correspondence, e-mail

or otherwise) that some or all discovery materials disclosed or produced are "confidential" and are thus, claimed to constitute protected information hereunder.

3. All "confidential" discovery material produced or disclosed by ESIS, Inc., shall be revealed only to the parties, counsel of record in this case, paralegals and secretarial employees under counsel's direct supervision, and such persons as are employed by counsel to act as experts, consulting or otherwise, in these actions.

4. Counsel for the parties shall use all "confidential" discovery materials produced or disclosed by ESIS, Inc., solely for the purposes of preparation for and trial of this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than counsel of record in this action, paralegals, secretarial employees under counsel's direct supervision, and such persons employed to act as experts, consulting or otherwise, in these actions. At the conclusion of the proceedings in these actions, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel ESIS, Inc., or destroyed.

5. Prior to disclosure of any documents subject to this Order to paralegals or secretarial employees of counsel, counsel shall require such employees to read this Protective Order and agree to be bound by its terms.

6. If counsel determines that for purposes of this action "confidential" discovery materials produced by ESIS, Inc., must be revealed to a person employed to act as an expert, consulting or otherwise, in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

(a) Counsel shall have the expert read this Order and shall explain the contents thereof to such expert.

(b) Counsel shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order. I further agree to be bound by its terms."

7. Should the need arise to disclose in any pleading or other document disclosing information subject to this Order, which may be submitted to the Court, whether in the form of interrogatory answers, document production, deposition notices or transcripts, motions, affidavits, briefs or other documents, the party shall file a motion to seal the information subject to this Order pursuant to the requirements of L.U.Civ.R. 79.

8. This Order is subject to revocation and modification by Order of the Court upon motion and reasonable notice to all parties, including an opportunity for hearing and presentation of evidence on such terms as the Court finds to be reasonable, or upon written stipulation of the parties.

SO ORDERED, this 9th day of December, 2011.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE

AGREED TO:

/s/ James D. Harper, Esq.
James D. Harper, Esq.
Counsel for Plaintiff

/s/ Shelly M. Diaz
Shelly M. Diaz, Esq.
Counsel for non-party ESIS, Inc.

/s/ Walter J. Brand
Walter J. Brand, Esq.
Amy C. Felder, Esq.
Counsel for Defendant Nissan North America, Inc.

Presented by:
James D. Harper, Esq.
829 North Lamar Boulevard, Suite 8
Oxford, MS 38655
Tel: (662) 985-6064
*Counsel for Plaintiff Derwin Cobb*